\*\*E-Filed 3/2/09\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE DECKER, Trustee,<br><br>              Plaintiff,<br><br>    v.<br><br>CONNIE MENDOZA, et al., ,<br><br>             Defendants. | Case Number C 08-4863 JF<br><br>ORDER[1] DENYING MOTION FOR WITHDRAWAL OF REFERENCE WITHOUT PREJUDICE<br><br>[re:  document no. 1] |

    Before the Court is Plaintiff's motion to withdraw the reference to the Bankruptcy Court with respect to an adversary proceeding commenced by Plaintiff against Defendants Connie Mendoza ("Connie") and David Mendoza ("David").  The Court has considered the papers filed by the parties as well as the oral arguments of counsel presented at the hearing on February 27, 2009.  For the reasons discussed below, the motion will be denied without prejudice.

**DISCUSSION**

    Plaintiff Suzanne Decker ("the Trustee") is the Trustee of the Chapter 7 bankruptcy estate of debtor Carol Hunt ("Hunt").  On May 23, 2008, the Trustee filed an adversary proceeding

---

[1]     This disposition is not designated for publication in the official reports.

Case No. C 08-4863 JF
ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE WITHOUT PREJUDICE
(JFLC2)

against Hunt's sister Connie, and Connie's husband David, alleging that they were involved in the fraudulent conveyance of real property that should be part of the bankruptcy estate. The Trustee seeks to avoid that conveyance and asserts related claims. The Mendozas timely demanded a jury trial in their answer. The Trustee subsequently filed the instant motion for withdrawal of the reference with respect to the adversary proceeding, asserting that such withdrawal is appropriate given that the Mendozas demand a jury trial and the Trustee does not consent to a jury trial in the Bankruptcy Court.

The prior version of the Bankruptcy Local Rules for the Northern District of California provided for automatic withdrawal of the reference in the event that a party timely demands a jury trial and has a right to a jury trial, if all parties do not consent to a jury trial in the Bankruptcy Court. Bank. L. R. 9015-2(b) (prior version). However, in the case *In re Healthcentral.com*, 504 F.3d 775, 785 (9th Cir. 2007), the Ninth Circuit held this rule to be invalid as inconsistent with 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), which provide that only a district court may withdraw the reference. *Healthcentral.com*, 504 at 785. The court also held that permitting a bankruptcy court to conduct pretrial proceedings is not inconsistent with a party's exercise of its right to a jury trial. *Id*. at 787 (noting that "even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all"). Accordingly, the fact that a party timely demands a jury trial does not in and of itself warrant withdrawal of the reference. Amendments to the Bankruptcy Local Rules effective on May 1, 2008 reflect the holding of *Healthcentral.com*. Bankruptcy Local Rule 9015-2(b) no longer provides for automatic withdrawal of the reference upon the timely filing of a jury demand, but rather provides as follows:

> **(b) Motion and Certification to District Court**. If the Bankruptcy Judge determines that the demand for a jury trial was timely made and the party has a right to a jury trial, and if all parties have not filed written consent to a jury trial before the Bankruptcy Judge, the Bankruptcy Judge shall, after having resolved all pre-trial matters, including dispositive motions, certify to the District Court that the proceeding is to be tried by a jury and that the parties have not consented to a jury trial in the Bankruptcy Court, and shall include in such certification, a report of the status of the proceeding and a recommendation on when the matter would be suitable for withdrawal from the Bankruptcy Court. Upon such certification,

> the party who has demanded a jury trial shall promptly file a motion in accordance with B.L.R. 5011-2(a) for withdrawal of the reference of the proceeding to be tried to a jury. The motion and the certification shall thereafter be handled in the District Court in accordance with B.L.R. 5011-2(c), (d) and (e).

Bankr. L. R. 9015-2(b). Thus the Bankruptcy Local Rules now expressly contemplate that the Bankruptcy Court may retain a case for pretrial proceedings even after a timely demand for jury trial.

      The Trustee correctly asserts that notwithstanding the elimination of the automatic withdrawal of reference, this Court retains the discretion to withdraw the reference in a particular case. Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id*. The Trustee asserts that cause exists in this case because two key witnesses are elderly and/or are in frail health. The Trustee asserts that the case will "languish" in Bankruptcy Court if the reference is not withdrawn, and urges this Court to take over the case and move it swiftly toward trial. However, the Trustee presents no factual basis for her assertion that the case would proceed more slowly in the Bankruptcy Court than it would proceed in this Court. This Court has every confidence that the Bankruptcy Court can and will handle pretrial matters in this case as quickly and expeditiously as could this Court. Moreover, as pointed out by Defendants, this case involves significant issues of bankruptcy law as to which the Bankruptcy Court has particular expertise. Accordingly, the Trustee's motion will be denied without prejudice. The Court respectfully asks the Bankruptcy Judge to consider the age and health of the Trustee's witnesses in its management of the pretrial proceedings.

1 **ORDER**

2  (1) The Trustee's motion for withdrawal of the reference is DENIED WITHOUT
3  PREJUDICE; and
4  (2) The Clerk of the Court shall transmit the file to the Bankruptcy Court as soon as is
5  practicable, and thereafter shall close the file in this Court.

10 DATED: 3/2/09

12  _____
    JEREMY FOGEL
13  United States District Judge

Case No. C 08-4863 JF
ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE WITHOUT PREJUDICE
(JFLC2)

1  Copies of Order served on:

3  Mariam S. Marshall mariam_m@pacbell.net

4  Merrill Eugene Zimmershead moses@hotcity.com

5  Wayne Alan Silver w_silver@sbcglobal.net

6  Zunilda Ramos-Fojut zuni_r@pacbell.net

7  U.S. Trustee/SJ
8  U.S Federal Bldg.
9  280 South First Street, Room 268
   San Jose, CA 95113-3004

10 USBC Manager-San Jose
11 US Bankruptcy Court
12 280 South First Street, Room 3035
   San Jose, CA 95113

13 Arthur S. Weissbrodt
14 U.S. Bankruptcy Court
15 280 South First Street, Room 3035
   San Jose, CA 95113

Case No. C 08-4863 JF
ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE WITHOUT PREJUDICE
(JFLC2)